### *THE JAMES L. HAVEN CO. V. JOHN CARLISLE ET AL.

1. CONTRACT OF AGENT AND TRUSTEE.

Principals are bound by the contract of their agent made with their knowledge and authority, although such agent is trustee of a trust contained in a written instrument not conferring such authority.

2. APPROVAL OF AGENT'S CONTRACT.

The fact that owners of property consented that the agent in charge thereof, or

---

*For decision of the court of common pleas, Hollister, J., see 3 Dec., 27.

the trustee above referred to, should use rents to pay additional expense of improvements amounts to an approval of the agent's contract for such improvements.

HEARD ON ERROR.

*Thomas McDougall,* . , *Cadwallader, Ben. B. Dale, Stephens & Lincoln, Herron, Gatch & Herron,* and *James J. Muir,* for the plaintiff contractors.

*C. W. Baker, Edmund K. Stallo* and *Reuben Tyler,* for the Carlisle heirs.

The suits were instituted against the Carlisle heirs by the respective contractors, plaintiffs in error, for recovery of balances due them under contracts for remodeling the St. Nicholas Hotel during the year 1890. These balances amount to about $26,000. The work was contracted for by John Carlisle, and owing to changes in the plans, cost much more than was expected. At the hearing below it was contended on behalf of the solvent Carlisle heirs that John Carlisle acted independently and not as their agent in this matter, and therefore he alone was liable for the unpaid balance. The common pleas court released the other heirs upon this ground, holding that where the agent is trustee of a trust necessarily contained in some written instrument, it is the duty of those dealing with him to ascertain the exact extent of his authority which was not done in this case.

SWING, J.

We think these cases should be reversed on the ground that the judgments are clearly and manifestly against the evidence. It seems to us beyond any question that in making this improvement John Carlisle was acting as the agent of all the parties. He had been the trusted agent of the parties in all matters pertaining to the estate hitherto, and we see nothing to indicate in the slightest degree that in this particular matter this relation was changed, and that he was acting wholly for himself and as an independent contractor. If he had been acting for himself it is inconceivable to us that he should have so changed the improvement that instead of costing $60,000 it cost to him over $75,000. The change was for the benefit of the property, and it was so great in amount, and so against his own interest that he should expend out of his own pocket over $15,000, that we can not believe that he thought for a moment that he was paying for this extra improvement. His conduct all the way through shows clearly that he thought he was acting simply as the agent of all. He time and again, verbally and in writing, said to the contractors that he was acting as the agent of the estate or the heirs. Besides all this, the other parties must have been aware of this extra expenditure, for they gave their consent that he might use the rents in advance, which belonged to them, to pay for this extra improvement, thus in effect approving and ratifying his conduct. All the evidence shows that every contractor contracted with John Carlisle as agent for all the parties interested. There never was an intimation that he was acting in any other capacity, and we have no doubt but what in fact he did so act. He had in all other matters acted as the trusted agent of his brothers and sisters, and that he so continued to act in this matter we have no question.

The several judgments in this case will be reversed and remanded for further proceedings.